UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DASHAWN COMBS, <br>     Petitioner, <br>     v. <br> C. PFEIFFER, Chief Deputy, <br>     Respondent. | Case No. CV 18-05345-CJC (DFM) <br><br> ORDER TO SHOW CAUSE |

On June 15, 2018, DaShawn Combs ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his convictions and life sentence for first-degree murder, attempted murder, and robbery. See Dkt. 1 ("Petition").[1] The Petition raises claims based on ineffective assistance of counsel and prosecutorial error. See id. at 5-6.

Petitioner concedes that none of his claims have been exhausted in state court. See id. While Petitioner appealed his conviction to the California Court of Appeal and the California Supreme Court, he did so on grounds not raised

---

[1] Citations to the Petition use the CM/ECF pagination.

in the Petition. See id. at 2-3 (noting that state-court appeals were based on felony murder special circumstance and abstract of judgment). Additionally, while Petitioner notes that he has a habeas petition pending in this Court raising claims of ineffective assistance of counsel and prosecutorial error, see id. at 8, Petitioner voluntarily dismissed that action in its entirety on May 14, 2018, such that it is closed rather than pending. See Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that court may take judicial notice of undisputed matters of public record).

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Ct., 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

As previously discussed, all claims in the Petition are unexhausted. See

Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); Castille v. Peoples, 489 U.S. 346, 349 (1989) (finding that prisoner's "habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims").

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The Ninth Circuit has held that a district court also "has the discretion to stay and hold in abeyance fully unexhausted petitions" under Rhines. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements. In any event, he has not requested a stay of these proceedings while he exhausts his state remedies, much less attempted to make the three necessary showings under Rhines. In light of Mena, however, the

Court will give Petitioner an opportunity to move for a Rhines stay.

Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). From a review of the California Appellate Courts Case Information website, it appears that Petitioner's petition for review in case number S241644 was denied by the California Supreme Court on July 19, 2017. Petitioner does not appear to have filed a petition for writ of certiorari in the Supreme Court. Therefore, his conviction became final 90 days later, on October 15, 2017. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Accordingly, the one-year limitation period began to run one day later on October 16, 2017, and will expire on October 16, 2018. As a result, should Petitioner's stay motion be denied, Petitioner may face an argument that AEDPA's statute of limitations prevents him from filing a new petition or adding new claims after his claims are exhausted. The Court encourages Petitioner to file any petition with the California state courts as soon as practicable, and to consider filing any habeas petition directly with the California Supreme Court.

IT THEREFORE IS ORDERED that within twenty-one (21) days of the date of this Order, Petitioner do one of the following:

(1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines;

(2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or

(3) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

Dated:  August 2, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge